JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re<br><br>ALLEN B. SHAY,<br><br>    Debtor,<br><br>ALLEN B. SHAY,<br><br>    Appellant,<br><br>    v.<br><br>ALFRED H. SIEGEL, Chapter 7 Trustee for the Estate of Allen B. Shay,<br><br>    Appellee. | Case No.: CV 19-07465-CJC<br><br>Bankruptcy Case No.: BK 12-26069-RK<br><br>**ORDER AFFIRMING THE BANKRUPTCY COURT'S JUNE 6, 2019 ORDER REGARDING APPELLANT'S ADMINISTRATIVE CLAIM** |

## I. INTRODUCTION & BACKGROUND

This appeal arises out of the bankruptcy of Appellant Allen B. Shay ("Shay" or "Appellant"). The Bankruptcy Court appointed Appellee Alfred H. Siegel ("Trustee") to serve as trustee of the bankruptcy estate, which included Shay's residence in Pasadena (the "Property"). (Dkt. 9 [Appellant's Opening Brief, hereinafter "App. Br."] at viii, xiv.) During bankruptcy proceedings, Shay filed an administrative claim to recover the cost of plumbing repairs to the Property. (Dkt. 12 [Appellee's Excerpts of Record on Appeal, hereinafter "AER"] at 109–26.) On June 6, 2019 the Bankruptcy Court granted in part and denied in part the Trustee's motion to disallow the administrative claim (the "June 6 Order"). (*Id.* at 203–05.) Shay, proceeding pro se, now appeals the June 6 Order. For the following reasons, the Court **AFFIRMS** the Bankruptcy Court.

## II. LEGAL STANDARD

A district court has jurisdiction to hear appeals from final judgments of the bankruptcy courts. 28 U.S.C. § 158(a)(1); *see also Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003). A bankruptcy court's allowance or disallowance of administrative claims is reviewed for an abuse of discretion. *In re World Sales, Inc.*, 183 B.R. 872, 875 (B.A.P. 9th Cir. 1995) (citing *In re Dant & Russell, Inc.*, 853 F.2d 700, 707 (9th Cir. 1988)). "A court abuses its discretion if it bases its decision on an erroneous view of the law or on clearly erroneous factual findings." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)).

//
//
//
//

## III. DISCUSSION

### A. The July 8 Order

On July 8, 2019, the Bankruptcy Court issued an order extending Shay's time to appeal the partial denial of his administrative claim (the "July 8 Order"). (AER at 9–11). In his Notice of Appeal, Shay references the July 8 Order instead of the underlying substantive order: the June 6 Order. (*Id.* at 2–3.) Based on this error, the Trustee argues that the Court should dismiss the appeal as moot because the Bankruptcy Court granted Shay's request for an extension. (*Id.* at 9–11). To the extent that Appellant challenges the Bankruptcy Court's July 8 Order, the Court **DISMISSES** the appeal as moot.

However, the Court declines to fully resolve this appeal on such a technical error by a pro se appellant. The purpose of the July 8 Order was to allow Shay to appeal the June 6 Order, (*id.* at 9–11), and Shay plainly gave notice of his intent to appeal the underlying substantive decision, (*see id.* at 2–3; App. Br.). Accordingly, the Court proceeds to Appellant's challenge to the June 6 Order.[1]

### B. The June 6 Order

Under Federal Rule of Bankruptcy Procedure 8018(b)(1), a party appealing a bankruptcy court order must serve and file excerpts of the record as an appendix to its opening brief. This appendix must include: "the relevant entries in the bankruptcy docket; the complaint and answer, or other equivalent filings; the judgment, order, or decree from which the appeal is taken; any other orders, pleadings, jury instructions,

---

[1] The Court also rejects Shay's attempts to broaden the scope of this appeal. His Opening Brief challenges several other Bankruptcy Court orders that have been resolved in separate appeals. (*See* App. Br. at xiv–xx; AER at 27–108.)

findings, conclusions, or opinions relevant to the appeal; the notice of appeal; and any relevant transcript or portion of it." Fed. R. Bankr. P. 8018(b)(1).

Appellant had notice of this rule before he filed his Opening Brief. On August 30, 2019, the Deputy Clerk of this Court issued a notice setting out Shay's obligations on appeal. (Dkt. 8.) The notice explained, "[b]riefs must contain as addenda all excerpts of the record and all transcripts previously designated by the filing party. No brief shall refer to a portion of the transcript that is not included in said addendum."[2] (*Id.*)

Nevertheless, Appellant failed to submit an appendix of excerpts of the record alongside his Opening Brief. Moreover, in his Opening Brief, Appellant repeatedly cited portions of the record that were not submitted to the Court. (*See, e.g.*, App. Br. at 31.) Accordingly, on December 16, 2019, the Court issued an order directing Appellant to submit excerpts of the record as required by Rule 8018(b)(1). (Dkt. 13.) The Court advised Appellant that if he failed to comply by December 30, 2019, it would summarily affirm the Bankruptcy Court's order. (*Id.*) Appellant has failed to submit the required excerpts or otherwise respond.

The Court cannot assess whether the Bankruptcy Court abused its discretion in issuing the June 6 Order without a more complete record. Notably, the Bankruptcy Court's written order does not set out its findings of fact and conclusions of law. (*See* AER at 205.) Instead, it incorporates by reference the findings and conclusions issued from the bench during a May 28, 2019 hearing. (*Id.*) Neither party has provided transcripts from that hearing. Without this transcript, the Court cannot evaluate Appellant's challenge to the Bankruptcy Court's factual and legal findings. (*See* App. Br. at xxxi.) Accordingly, Appellant has not carried his burden of showing that the

---

[2] On August 30, 2019, Appellant also received notice from the Bankruptcy Court that all requested transcripts were available for his review. (Dkt. 7.)

Bankruptcy Court abused its discretion.  *See In re World Sales, Inc.*, 183 B.R. 872, 875 (B.A.P. 9th Cir. 1995); *see also In re Long*, 255 B.R. 241 (B.A.P. 10th Cir. 2000) (summarily affirming bankruptcy court order based on appellant's failure to submit excerpts of record).

The Court has already offered Appellant an opportunity to cure this deficiency. (*See* Dkt. 13.)  Because he failed to do so, the Court hereby **AFFIRMS** the Bankruptcy's Court's June 6 Order.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's June 6 Order.  To the extent that Appellant challenges the Bankruptcy Court's July 8 Order, the Court **DISMISSES** the appeal as moot.

DATED: January 3, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE